UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL YOUNG : | |
| : | PRISONER |
| v. : | Case No. 3:03cv1661(CFD) |
| : | |
| WARDEN DAVID STRANGE : | |

### RULING AND ORDER

On September 15, 2004, the court granted respondent's motion to dismiss the petition on the ground that petitioner, Michael Young ("Young"), had not exhausted his state court remedies with regard to all grounds for relief contained in the petition. Judgment entered the same day.

Young now has filed three motions to reopen judgment and two motions seeking a hearing.[1] In the motions to reopen, Young states that, in its September 15, 2004 ruling, the court failed to rule on four "motions" that contain "significant overwhelming evidence which clearly shows 2 exceptions that should enable this federal court to review the merits of this extraordinary case." Young describes the four motions as a motion for release pending final disposition of the petition [the court assumes this document to be doc. #30 or doc. #31], his memorandum in support of that motion [presumably doc. #33], a motion to correct illegal sentence [presumably doc. #34] and an objection to respondent's

---

[1]Two of the motions to reopen judgment [docs. #41 & #43] and the motions for hearing [docs. #40 & #42] are identical. Young provides no reason for filing duplicate motions.

motion for extension of time to respond to the court's order to show cause [presumably doc. #23].  Only two of the documents are motions.

The court's ruling granting respondent's motion to dismiss was the final disposition of the petition in this court.  Any request for release pending final disposition of this action was rendered moot with the filing of the ruling.  Thus, there was no need for the court to consider this request.

Also, a motion to correct sentence is properly filed in state court.  The federal court cannot correct a sentence imposed by the state court.  Young's only remedy in federal court is the issuance of a writ of habeas corpus.  Young, however, has included in his petition for writ of habeas corpus all of the grounds for relief contained in the motion.  The court dismissed the petition because Young failed to exhaust his state court remedies before commencing this action.  Because the court did not reach the merits of Young's challenge, the relief requested in the motion to correct illegal sentence also was rendered moot with the dismissal of the action.  The court concludes that the failure to rule on these motions was not fatal to the court's decision dismissing the petition and does not warrant reopening judgment in this case.

Young argues that the documents contain evidence that warrants immediate review of the merits of his claims.  Young

does not further identify that evidence in his motions to reopen. The court has reviewed the documents and concludes that none of the evidence presented warrants reopening of this case.

In the documents, Young provides letters he wrote to appointed counsel indicating his dissatisfaction with their representation and to various state court officials describing difficulties filing documents pro se.  In his motions to reopen, Young references "the cause and prejudice standard" and "fundamental miscarriage of justice."  The court assumes that Young is attempting to excuse his failure to exhaust state court remedies.

Before a federal court may grant a petition for writ of habeas corpus filed by a state inmate, the inmate must exhaust his available state court remedies.  See 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  "The exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts."  Id. at 845.  An inmate typically exhausts his federal claims by fairly presenting each claim at each stage of the state's established appellate review process.  See id.  The only exception to the exhaustion requirement is where "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i-ii).

3

The exhaustion doctrine applies when the state court has never been presented with an opportunity to consider a petitioner's claims and that opportunity may still be available to the petitioner under state law. See 28 U.S.C. § 2254(c). When a state court has been presented the opportunity to address the federal claim but declines to do so because the inmate failed to comply with state procedural rules, the claim technically has been exhausted. See Villot v. Varner, 373 F.3d 327, 337 (3d Cir. 2004). In this circumstance, the procedural default rule will preclude consideration of the claim by the federal court. "[T]he procedural default rule avoids frustration of the purpose behind the exhaustion requirement by precluding federal review of procedurally barred claims unless the petitioner can establish 'cause and prejudice' or a 'fundamental miscarriage of justice' to excuse the procedural default." Id. at 337-38 (quoting Coleman v. Thompson, 501 U.S. 722, 732 (1991))

Young is attempting to use the exceptions to the procedural default rule to excuse his failure to exhaust state court remedies. He concedes that he has a pending state habeas petition and provides no reason why he cannot raise all of his unexhausted grounds for relief in the state court action. Young has not been denied review of his claims for failure to comply with state procedural rules, thus, his arguments are misplaced.

As stated above, there are only two exceptions to the exhaustion requirement. Because Young's state habeas petition is

pending, he has not shown the absence of state process to address his claims.  In addition, he has not shown that the state process is ineffective.  Some courts have held that inordinate delay in consideration of a habeas petition by the state courts can excuse an inmate from the requirement that he exhaust his state court remedies.  The delay in those cases, however, was much longer than the delay Young has encountered.  See, e.g., Phillips v. Vasquez, 56 F.3d 1030, 1037 (9th Cir. 1995) (fifteen years); Story v. Kindt, 26 F.3d 402, 406 (3d Cir. 1994); Simmons v. Reynolds, 898 F.2d 865, 870 (2d Cir. 1990) (six-year delay).

Young did not file his state habeas petition until April 2003.  Although Young complains of various delays in presenting his claims to the state court, a review of the state docket reveals that, on February 3, 2005, a new scheduling order was issued in Case No. TSR-CV-0300003916-S.  The time that Young's petition has been pending is much less that the times found to be inordinate.  Thus, Young does not meet the second exception to the exhaustion requirement.[2]

---

[2]Young also describes medical problems.  Young filed a habeas corpus action in state court regarding his medical problems, (see Resp't's Obj. to Mot. for Release, Doc. #32, at 10 & App. N), and was afforded a court trial on that petition on August 6, 2004.  (See Case No. TSR-CV-04-0004368-S at www.jud.state.ct.us.)  Thus, Young's medical concerns have been addressed.

5

In conclusion, Young's motions for reconsideration and to reopen judgment [**docs. ##39, 41, 43**] and motions for hearing [**docs. ##40, 42**] are **DENIED.**

**SO ORDERED** this  12th  day of August, 2005, at Hartford, Connecticut.

                                                /s/ CFD  
                                                CHRISTOPHER F. DRONEY  
                                                UNITED STATES DISTRICT JUDGE